**Dated: January 30, 2014**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
Rick and Becki Nation,                                    Case No. 12-81648-TRC
                                                          Chapter 7

       Debtors.

ORDER SUSTAINING TRUSTEE'S OBJECTIONS TO
<u>PROOFS OF CLAIM</u>

       Before the Court are Trustee's Objection to Claim 3 of Claimant Internal Revenue Service (Docket Entry 59), Trustee's Objection to Claim 4 of Claimant Oklahoma Tax Commission (Docket Entry 61), Objection filed by Debtors (Docket Entry 63), Objections filed on behalf of Debtors by their attorney (Docket Entries 64 and 65), and Trustee's Reply (Docket Entry 66). The Court held a hearing on this matter on December 11, 2013. Appearances were entered by Gerald Miller, Chapter 7 Trustee, and Scott Kirtley, Attorney for Debtors. After consideration of the arguments and relevant legal authority, the Court finds that Trustee's Objections should be sustained and the proofs of claim should be disallowed.

       There is no factual dispute between Debtors and Trustee regarding the matter before the

Court.  Debtors filed a chapter 7 bankruptcy on November 21, 2012, and indicated that this was a

no asset case.  Trustee challenged a claimed exemption, and filed a Notice of Assets on April 16,

2013.  Certain assets and non-exempt property have been turned over to Trustee.   Neither the IRS

nor the OTC filed a proof of claim in this case.  Instead, Debtors filed claims on behalf of each of

these entities for income taxes due for 2012, and indicated that the claims were entitled to priority

status under § 507(a)(8).

Debtors argue that because a tax refund paid postpetition is considered property of the estate

to the extent it is attributable to the prepetition portion of the tax year, then taxes should be similarly

prorated from the beginning of the tax year through the petition date and be an allowed claim against

the bankruptcy estate.[1]   Trustee argues that tax claims are treated differently than tax refunds under

the Bankruptcy Code.  He contends that the 2012 income taxes are postpetition, not prepetition

debts, that they do not fall within the definition of a priority claim, and that the proofs of claim must

be disallowed.

Section 502(b) of the Bankruptcy Code requires that a proof of claim be determined "as of

the date of the filing of the petition."  Trustee assumes that Debtors' tax obligations for 2012 did not

arise until after they filed bankruptcy since they were not due until after the petition was filed.

Under § 101(5)(A),  a "claim" is defined as a "right to payment, whether or not such right is reduced

to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed,

legal, equitable, secured, or unsecured . . . ."  Arguably, this broad definition could encompass

income taxes for the year the bankruptcy is filed.  After all, taxes are withheld from paychecks,

---

[1]Debtors cite *In re Barowsky*, 946 F.2d 1516 (10th Cir. 1991), which held that a federal
income tax refund paid postpetition in a chapter 7 case is considered property of the estate in the
amount attributable to the prepetition portion of the taxable year.

estimated taxes may be paid during the year, and taxpayers are assessed penalties if they fail to have enough funds withheld from their income during the tax year.[2]

Some tax claims that do not arise until after the petition date may nevertheless be allowed as proper claims under § 502(i) because they are deemed to arise before the petition date.  For a postpetition tax obligation to be allowable as a prepetition claim pursuant to § 502(i), it must be entitled to priority status pursuant to § 507(a)(8).  To be entitled to priority status under § 507(a)(8), the tax must be on income "for a taxable year ending on or before the date of the filing of the petition . . . ."[3] Here, it appears that Debtors' taxable year for which the proofs of claim were filed - 2012 - ended after and not before the bankruptcy petition was filed.  Thus, it appears that the 2012 income taxes are not accorded priority status.[4]

For the proofs of claim for 2012 taxes to be allowed and paid from assets of the bankruptcy estate, Debtors must have made a special election under a provision in the Internal Revenue Code, 26 U.S.C. § 1398.  That statute provides that an individual chapter 7 or chapter 11 debtor may elect to close his or her taxable year on the day before the "commencement date" and begin a new taxable year on the "commencement date."[5]  In other words, a debtor will bifurcate his tax year into two

---

[2]*But cf.* 26 U.S.C. § 6513(b)*; In re Ripley*, 926 F.2d 440 (5th Cir. 1991).  Taxes withheld and estimated income tax payments are deemed to be paid on the last day such taxes are due for a taxable year.  As the *Ripley* court observed, the fact that a debtor makes estimated tax payments does not mean that the tax itself is due or payable at the time of the installment.  "The code recognizes that the quarterly installment payments are merely prepayments, not payments of the tax itself." *Id.* at 447.

[3]11 U.S.C. § 507(a)(8)(A).

[4]*In re Starkey*, 49 B.R. 984, 987 (Bankr. D. Colo. 1984).

[5]26 U.S.C. § 1398(d)(2)(A).  The "commencement date" is defined as the day the case is commenced under the Bankruptcy Code.  26 U.S.C. § 1398(d)(3).

taxable years during the calendar year in which the case is filed. When making this irrevocable election, taxes for the shortened tax year ending the day before the commencement date would be entitled to priority claim status under § 507(a)(8) because they would be for a taxable year ending on or before the petition date.[6] Those taxes would be payable from assets in the bankruptcy estate, and would not be dischargeable.[7] If a debtor does not make this election, then no portion of the prepetition year's taxes is collectible from the estate, and the taxes are the personal obligation of the debtor.[8]

This election may only be made in an asset case.[9] It also must be made on or before the due date of the tax return for the taxable year ending on or before the commencement of the bankruptcy case.[10] In this case, it appears that the election would have been required by March 15, 2013.[11] The Court assumes that no election was made in this case since none was disclosed. Initially, the case was filed as a no asset case. However, Trustee challenged Debtors' claimed exemptions prior to the

---

[6]*In re Haedo*, 211 B.R. 149 (Bankr. S.D.N.Y. 1997).

[7]11 U.S.C. § 523(a)(1)(A).

[8]*Haedo*, 211 B.R. at 152. *See also In re Prativadi*, 281 B.R. 816 (Bankr. W.D.N.Y. 2002). *See also Katz v. Comm'r.*, 335 F.3d 1121 (10th Cir. 2003) where the Court recognized that 26 U.S.C. § 1398 allows an individual chapter 7 debtor who files bankruptcy before the end of the calendar year to elect to bifurcate his tax year into two short years. Failure to make the election meant that income taxes for the year in which he filed bankruptcy were postpetition debt, not subject to bankruptcy proceedings.

[9]26 U.S.C. § 1398(d)(2)(C).

[10]26 U.S.C. § 1398(d)(2)(D).

[11]26 U.S.C. § 6072(a): "[r]eturns made on the basis of a fiscal year shall be filed on or before the 15th day of the fourth month following the close of the fiscal year . . . ." *See also IRS Publication 908 Bankruptcy Tax Guide*.

deadline for making the election. Thus, Debtors were on notice that theirs may be considered an asset case and could have made the election prior to the deadline to gain the treatment of taxes they desire. The Court finds no exception to the requirement of a timely election under 26 U.S.C. § 1398, even in cases where a determination regarding assets is unknown or not finalized until after the election deadline.[12] The time for the election in this case has expired.

The treatment of state and local tax issues aligns with federal tax treatment, pursuant to 11 U.S.C. § 346(a) and (d). Thus, the OTC proof of claim must be disallowed, as it follows the same treatment as the IRS proof of claim. The state income taxes for 2012 are considered a postpetition debt owed by the Debtors.

IT IS THEREFORE ORDERED that Trustee's Objections (Docket Entries 59 and 61) to the IRS Proof of Claim and OTC Proof of Claim filed by Debtors are sustained. Claim No. 3-1 and Claim No. 4-1 are disallowed in their entirety. Debtors' Objections (Docket Entries 63, 64 and 65) are overruled.

###

---

[12]*See In re Allen*, 359 B.R. 1, 8-9 (Bankr. D. Mass. 2006); *In re Turboff*, 93 B.R. 523, 526 (Bankr. S.D. Tex. 1988).